ALLENDALE FIELD AND STREAM ASSOCIATION, AN UN-
INCORPORATED ASSOCIATION, OF THE STATE OF
NEW JERSEY, PLAINTIFF-APPELLANT, v. LEGALIZED
GAMES OF CHANCE CONTROL COMMISSION, DEFEND-
ANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 17, 1962—Decided September 25, 1962.

314

Before Judges GOLDMANN, FREUND and FOLEY.

*Mr. William W. Evans, Jr.* argued the cause for appellant (*Messrs. Evans, Hand, Evans, Allabough & Amoresano,* attorneys).

*Mr. Thomas F. Tansey,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

FREUND, J. A. D.   Plaintiff appeals from an order of the Legalized Games of Chance Control Commission denying a registration number for a raffles license on the ground that plaintiff did not meet the statutory qualifications.   The issue here is whether the Commission has the authority to pass initially upon the qualifications of an applicant for a license under the Raffles Licensing Law, *N. J. S. A.* 5:8–50 *et seq.*

The statutory procedure for obtaining a raffles license requires the filing of a written application with the clerk of the local municipality. The form for this application is prescribed by the Legalized Games of Chance Control Commission. *N. J. S. A.* 5 :8–52. The applicant's qualifications are then to be determined pursuant to *N. J. S. A.* 5 :8–53 which provides that "the governing body of the municipality shall make an investigation of the qualifications of each applicant and the merits of the application   *   *   *."

Under its power to make rules and regulations, *N. J. S. A.* 5 :8–6 and 7, the Commission has established the requirement that each prospective applicant shall first register with the Commission and obtain a registration or identification number before application may be made to the particular municipality, *Part II, Rule 1,* of *Rules, Regulations and Forms,* Legalized Games of Chance Control Commission (July 1960). No municipality may accept a license application unless the applicant exhibits its registration number issued by the Commission, *Part III, Rule 4, ibid.*

In a letter dated June 27, 1961, the Commission rejected plaintiff's request for a registration number, stating as its reason that—in the Commission's determination—the plaintiff failed to meet the statutory criteria of being an "educational, charitable, patriotic, religious, or public-spirited" organization. *N. J. S. A.* 5 :8–51. When plaintiff protested, the Commission consented to hold a hearing on September 26, 1961. After the taking of testimony and an extensive inquiry into the merits of plaintiff's request, the Commission again rejected the application in a letter dated September 29.

Plaintiff now appeals to this court, claiming that the Commission has exceeded its powers in denying the registration number and that the Commission's issuance of a number is a mere ministerial function wholly lacking in discretion. We note in passing that although this contention was not raised before the Commission, the argument may still be raised on appeal because it involves a fundamental question of jurisdiction. *Colfax Manor Gardens, Inc. v. Allied Van*

*Lines, Inc.*, 61 *N. J. Super.* 549, 551 (*App. Div.* 1960) ; *Reynolds Offset Co., Inc. v. Summer*, 58 *N. J. Super.* 542, 548 (*App. Div.* 1959). In view of our disposition of plaintiff's challenge to the jurisdiction of the Commission, we do not reach the further substantive questions raised by plaintiff concerning the Commission's factual findings and evaluation of the application.

■■ In the words of the late Chief Justice Vanderbilt, "We start with the basic principle that an administrative officer is a creature of legislation who must act only within the bounds of the authority delegated to him, * * *." *Elizabeth Federal Savings & Loan Ass'n v. Howell*, 24 *N. J.* 488, 499 (1957). See *Nagy v. Ford Motor Co.*, 6 *N. J.* 341, 349 (1951). Where there is a reasonable doubt concerning the existence of a particular power allegedly vested in an administrative body, that power is denied; its exercise under such circumstances is *ultra vires* and void. *Swede v. City of Clifton*, 22 *N. J.* 303, 312 (1956) ; *Jordan v. Ferro*, 67 *N. J. Super.* 188, 196–197 (*Cty. Ct.* 1961) ; 1 *Am. Jur. 2d, Administrative Law*, § 70, *pp.* 866–7 (1962).

■ We have already noted that the municipalities have been given express jurisdiction over applications for raffles licenses. Conversely, the express powers granted to the Commission are appellate in nature. *N. J. S. A.* 5 :8–66 provides that :

"any applicant for, or holder of, any license issued or to be issued under this act aggrieved by any action of the governing body of the municipality to which such application has been made or by which such license has been issued, may appeal to the control commission * * *."

· Defendant concedes that any primary jurisdiction over raffles license applications which it may possess must be implied from the other functions expressly granted to the Commission. Authority is cited by the Commission in support of its position that express power is supplemented by incidental or implied authority necessary to make it effective.

This contention is not responsive. The rationale for a liberal construction of legislation establishing administrative agencies is "to permit the fullest accomplishment of the legislative intent." *Cammarata v. Essex County Park Commission*, 26 *N. J.* 404, 411 (1958). In the present case, the Legislature expressly provided that the municipal government should be given primary jurisdiction over the granting of the licenses in question.

If the choice were between giving the power to the Commission or not having that power exercised at all, then respondent's authorities and argument might lead us to find that this power was granted by the Legislature to the Commission. But we are faced with a choice between giving primary jurisdiction to the municipalities, which are expressly mentioned in the statute, or giving that power to the Commission, whose authority would have to be implied. Although the maxim *expressio unius est exclusio alterius* is admittedly only an aid to interpretation, in the context of this case, legislative intent and common sense call for its application. *Reilly v. Ozzard*, 33 *N. J.* 529, 539 (1960); *Moses v. Moses*, 140 *N. J. Eq.* 575, 583, 173 *A. L. R.* 273 (*E. & A.* 1947). Here, the express grant of power to the municipality implies the exclusion of the Commission.

The Commission claims that this construction of the statute is "absurd." In reality, such a construction merely assumes that the Legislature meant what it said and that the municipal government is as well, or better, adapted for the issuing of licenses in the first instance as the Commission. The history of liberty in large measure is the story of the evolution of procedural safeguards. A necessary function of the judiciary is to insure adherence to these procedures.

Reverse, and the Commission is directed to issue a registration number to the applicant.